# In the United States Court of Federal Claims

No. 18-561C
(Filed October 30, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MARCO M. TORRES,                    *
                                    *
              Plaintiff,            *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

The government has moved to dismiss a complaint brought by Marco M. Torres for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) and for failure to state a claim under RCFC 12(b)(6). In his rambling complaint, Mr. Torres seemingly objects to the United States Supreme Court's treatment of a petition for a hearing or rehearing en banc that he apparently (and inaptly) filed on August 28, 2017, under the Federal Rules of Appellate Procedure. Compl. at 2. Plaintiff does not allege any facts concerning himself, and primarily muses whether the Supreme Court has jurisdiction to review its own decisions to correct such problems as due process violations, occasionally referencing the Seventh, Ninth, and Fourteenth Amendments and equal protection. *See* Compl. at 4–16. For the reasons stated below, the Court finds that it lacks subject-matter jurisdiction over plaintiff's claims.

On April 16, 2018, the Clerk's office received a complaint from plaintiff, representing himself, along with an application to proceed *in forma pauperis*.[1] Plaintiff has, since 2003, filed at least ten suits in the U.S. District Court for the Middle District of Florida and has been sanctioned by that court as a "frequent filer of frivolous actions, [who] often sues the judiciary." Def.'s Mot. to Dismiss (Def.'s

---

[1] The application submitted by plaintiff is incomplete. Within 28 days of the date of this order, Mr. Torres shall file either a complete application or the required filing fee.

Mot.), App. at 12 (Order, *Torres v. Roberts*, Case no. 8:17-mc-15-T-23TGW (M.D. Fla. Feb. 27, 2017)). The government filed a motion to dismiss this case on June 15, 2018. In its motion, the government maintains that plaintiff's case is barred by *res judicata*, due to a district court dismissal of a case he had brought against the individual justices of the Supreme Court challenging their denial of his petition for a writ of certiorari. Def.'s Mot. at 3, 5–7. The government also argues that the case should be dismissed because Mr. Torres failed to follow a prior order[2] from the district court, *id.* at 5–8, and that this court does not have jurisdiction to hear plaintiff's case, *id.* at 8–10.

On August 13, 2018, one month after the deadline for responding to the government's motion, plaintiff filed a motion for a more definite statement under RCFC 12(e), explaining that he does not understand the four paragraphs stating the issues presented by the government's motion, as well as the two pages of the motion concerning the standard of review. Pl.'s Mot. for More Definite Statement, ECF No. 7, at 1–2. But the statement of issues is more fully explicated in the rest of defendant's motion, *see* Def.'s Mot. at 5–10 and, unlike Mr. Torres's complaint, the standard of review pages are not even remotely vague or ambiguous. Plaintiff's motion is accordingly **DENIED**.

Also on August 13, the Clerk's Office received a document from plaintiff which was entitled "A Writ of Objection to the Defendant['s] Motion to Dismiss for Lack of Subject Matter Jurisdiction," which the Court allowed to be filed as an untimely response to the government's motion. *See* Resp. to Mot., ECF No. 8 at 1–12, 14. Although it is hard to make sense of his arguments, plaintiff seems to contend that *res judicata* cannot apply because he never received a jury trial in the district court. *Id.* 6–7. Mister Torres reiterates that he does not understand defendant's argument regarding his failure to provide our court with a copy of the district court order. *Id.* at 7–8. As the basis for our court's jurisdiction, plaintiff cites the First Amendment's right to petition government; the Little Tucker Act, 28 U.S.C. § 1346, which concerns the jurisdiction of district courts; a procedural statute regarding our court, 28 U.S.C. § 2503(b); and the organic statute providing for our court's composition, 28 U.S.C. § 171. Resp. to Mot. at 6. And he appears to be arguing that his claim against the Supreme Court is a civil rights action brought under 42 U.S.C. § 1983. *See id.* at 10, 12. In the government's reply, among other things, it correctly points out that the provisions identified by Mr. Torres do not provide a basis for our jurisdiction, Def.'s Reply to Pl.'s Resp. at 2 n.2, and that our

---

[2] The government attaches to its motion a copy of a 2017 order from the Florida court requiring the plaintiff to pay monetary sanctions if he again files a frivolous action in federal court. Def.'s Mot., App. at 13. That court also required him to file a copy of the 2017 order with all future filings in federal court, which plaintiff has not done here.

court does not have jurisdiction over civil rights claims under 42 U.S.C. § 1983, *id.* at 3 (citing *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997)).

Although the government's primary argument is that the case should be dismissed due to the application of *res judicata*, Def.'s Mot. at 5–8, several factors counsel against reaching this result. First, defendant is basing this aspect of its motion on the preclusive effect of a district court decision finding a case against the individual justices to be frivolous and thus not stating claims for relief. *Id.* at 6. But such a question is thus not jurisdictional in nature, and the Court must address jurisdictional issues first. *See Chisolm v. United States*, 82 Fed. Cl. 185, 192 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998)). In addition, with the complaint in the other case not having been filed, it is difficult for this court to compare the matters alleged. Finally, it seems unlikely that the Supreme Court's treatment of a petition allegedly received on August 28, 2017, *see* Compl. at 2, could have been at issue in a decision dated February 27, 2017, *see* Def.'s Mot., App. at 13.[3]

The Court need never reach the above-discussed grounds, for it is clear that subject-matter jurisdiction is lacking in this case. On the first page of the complaint, Mr. Torres identifies the Tucker Act, 28 U.S.C. § 1491(a)(1), as the source of our jurisdiction. But under that act, we are empowered only to hear claims of violations of constitutional provisions that mandate the payment of money when violated. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

To the extent the complaint can be comprehended, it contains references to due process, equal protection, and the Seventh and Ninth Amendments.[4] But none of the provisions identified by plaintiff are money-mandating, and thus their violation would not be within our court's jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth Amendment Due Process or Equal

---

[3] Concerning the failure of Mr. Torres to include a copy of the district court order with his complaint in this case, it is difficult to see how that can be a basis for dismissal as opposed to an act of contempt for the district court.

[4] Plaintiff also cites the Fourteenth Amendment, presumably the first section, which does not restrict the federal government. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987). The Court assumes that plaintiff intended to cite the Due Process clause and the so-called equal protection component of the Fifth Amendment.

court does not have jurisdiction over civil rights claims under 42 U.S.C. § 1983, *id.* at 3 (citing *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997)).

Although the government's primary argument is that the case should be dismissed due to the application of *res judicata*, Def.'s Mot. at 5–8, several factors counsel against reaching this result. First, defendant is basing this aspect of its motion on the preclusive effect of a district court decision finding a case against the individual justices to be frivolous and thus not stating claims for relief. *Id.* at 6. But such a question is thus not jurisdictional in nature, and the Court must address jurisdictional issues first. *See Chisolm v. United States*, 82 Fed. Cl. 185, 192 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998)). In addition, with the complaint in the other case not having been filed, it is difficult for this court to compare the matters alleged. Finally, it seems unlikely that the Supreme Court's treatment of a petition allegedly received on August 28, 2017, *see* Compl. at 2, could have been at issue in a decision dated February 27, 2017, *see* Def.'s Mot., App. at 13.[3]

The Court need never reach the above-discussed grounds, for it is clear that subject-matter jurisdiction is lacking in this case. On the first page of the complaint, Mr. Torres identifies the Tucker Act, 28 U.S.C. § 1491(a)(1), as the source of our jurisdiction. But under that act, we are empowered only to hear claims of violations of constitutional provisions that mandate the payment of money when violated. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

To the extent the complaint can be comprehended, it contains references to due process, equal protection, and the Seventh and Ninth Amendments.[4] But none of the provisions identified by plaintiff are money-mandating, and thus their violation would not be within our court's jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth Amendment Due Process or Equal

---

[3] Concerning the failure of Mr. Torres to include a copy of the district court order with his complaint in this case, it is difficult to see how that can be a basis for dismissal as opposed to an act of contempt for the district court.

[4] Plaintiff also cites the Fourteenth Amendment, presumably the first section, which does not restrict the federal government. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987). The Court assumes that plaintiff intended to cite the Due Process clause and the so-called equal protection component of the Fifth Amendment.

Protection);[5] *Webster v. United States*, 74 Fed. Cl. 439, 444 (2006) (Seventh Amendment); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) (Ninth Amendment). In his response to the government's motion, Mr. Torres also cites the First Amendment and 42 U.S.C. § 1983. Resp. to Mot. at 6, 10, 12. But claims based on those provisions are also not within our jurisdiction. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *McCauley*, 38 Fed. Cl. at 265 (section 1983).

More fundamentally, however, our court does not have jurisdiction to review the decisions of any other federal court, much less the Supreme Court of the United States. *Hicks v. United States*, No. 10-793C, 2011 WL 3319563, at *3 (2011) (holding that our court lacks jurisdiction over decisions of the Supreme Court); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"); *Bafford v. United States*, No. 09-030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (explaining that this court does not have jurisdiction to review the decisions of federal courts of appeal). Because Mr. Torres is complaining about judicial decisions of the Supreme Court, there is nothing our court can do about his matter, and it would be futile to allow him his requested opportunity to amend the complaint.

Accordingly, the government's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**.[6] The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge

---

[5] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim concerns an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

[6] Because jurisdiction is lacking, the RCFC 12(b)(6) portions of government's motion are **DENIED** as moot, without prejudice. The Court notes, however, that Mr. Torres fails to allege anything that the Supreme Court has done to him, much less anything resembling a cognizable claim.